## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAUNUS IP HOLDINGS LLC,

                    Plaintiff

        v.

STARKEY LABORATORIES, INC.,

                    Defendant

26-CV-____ (___/___)

**Jury Trial Demanded**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Faunus IP Holdings LLC ("Faunus" or "Plaintiff"), by way of this Complaint against Defendant Starkey Laboratories, Inc. ("Starkey" or "Defendant"), alleges as follows:

## PARTIES

1.      Plaintiff Faunus IP Holdings LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 1708 Harrington Lane, Plano, Texas 75075.

2.      Defendant Starkey Laboratories, Inc., is a corporation organized and existing under the laws of Minnesota with its corporate headquarters at 6700 Washington Avenue S., Eden Prairie, Minnesota 55344.

## JURISDICTION AND VENUE

3.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* for infringement by Starkey of claims of U.S. Patent Nos. 9,172,345; 9,711,127; 9,871,496; and 10,347,232 (collectively "the Patents-in-Suit").

1

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    Starkey is subject to personal jurisdiction of this Court because, inter alia, on information and belief, (i) Starkey has committed and continues to commit acts of patent infringement in the State of Minnesota, including by making, using, offering to sell, selling, and/or importing the accused products into Minnesota; (ii) Starkey purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Minnesota; (iii) Starkey delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Minnesota; and (iv) Starkey has an established place of business in this District.  In addition, or in the alternative, this Court has personal jurisdiction over Starkey pursuant to Fed. R. Civ. P. 4(k)(2).

6.    Venue is proper as to Starkey in this District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, Starkey has an established place of business in this District and has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District.

7.    Starkey has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States, at least, earbuds and hearing devices claimed in the Patents-in-Suit.

### PATENTS-IN-SUIT

### U.S. PATENT NO. 9,172,345

8.    On October 27, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,172,345 ("the '345 Patent"), entitled "Personalized adjustment of an audio device."  The '345 Patent is attached as Exhibit 1.

9.      Plaintiff is the owner of all rights, title, and interest in and to the '345 Patent, with the full and exclusive right to bring suit to enforce the '345 Patent, including the right to recover for past infringement.

10.     The '345 Patent is valid and enforceable under United States Patent Laws.

11.     The '345 Patent recognizes that conventional audio devices are deficient because different individuals exhibit unique hearing sensitivities that cannot be addressed by standard equalizers or volume controls, which can introduce distortion without improving clarity (Ex. 1 at 1:25-30, 1:47-62). The inventors of the '345 Patent understood it was more desirable to provide "adjustment of audio effects to personalize the audio device for a given individual based on an audio sensitivity of the ears of the individual." (*Id.* at 2:15-19). The invention enables a system where a user first enters a tuning mode to establish a "minimum perceptible level" of hearing across multiple frequency bands, creating a unique auditory profile that is stored in the device.  (*Id.* at 2:20-26, 6:1-20). As one non-limiting example, the '345 Patent explains that once the device is tuned, it can "monitor environmental noise and automatically adjust the hearing level of the user," ensuring that the signal level in each frequency band remains perceptible to that specific user regardless of the listening environment. (*Id.* at 2:28-33). Such methods of creating a personalized hearing profile and then using it to dynamically adjust for environmental noise were not realized in prior art systems.

**U.S. PATENT NO. 9,711,127**

12.     On July 18, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,711,127 ("the '127 Patent"), entitled "Multi-sensor signal optimization for speech communication."  The '127 Patent is attached as Exhibit 2.

3

13.    Plaintiff is the owner of all rights, title, and interest in and to the '127 Patent, with the full and exclusive right to bring suit to enforce the '127 Patent, including the right to recover for past infringement.

14.    The '127 Patent is valid and enforceable under United States Patent Laws.

15.    The '127 Patent recognizes that conventional audio devices are deficient because environmental factors, such as wind and ambient noise, frequently degrade speech quality to an extent that renders traditional microphones and static filters unusable for robust communication (Ex. 2 at 1:40-45. 6:34-41). The inventors of the '127 Patent understood it was more desirable to provide "multi-sensor signal optimization for speech communication" to facilitate uninterrupted voice clarity for users in motion (*Id.* at 2:3-8). The invention enables a system where the device utilizes a sensor component including acoustic sensors to determine noise levels for individual sensors and a spatial filter output, creating a weighted combination of noise information that is optimized in real-time. (*Id.* at 2:24-30, 7:25-38). A one non-limiting example, the '127 Patent explains that the audio processing component can "generate filtered sound information based on… a spatial filter associated with the acoustic sensors," ensuring that voice signals are isolated from interference regardless of the external environment. (*Id.* at 2:21-30, 7:17-24). Such methods of using spatial filtering and multi-sensor noise weighting to dynamically adjust for extreme environmental noise were not realized in prior art systems.

### U.S. PATENT NO. 9,871,496

16.    On January 16, 2018, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,871,496 ("the '496 Patent"), entitled "Personalized adjustment of an audio device."  The '496 Patent is attached as Exhibit 3.

17.     Plaintiff is the owner of all rights, title, and interest in and to the '496 Patent, with the full and exclusive right to bring suit to enforce the '496 Patent, including the right to recover for past infringement.

18.     The '496 Patent is valid and enforceable under United States Patent Laws.

19.     The '496 Patent addresses the deficiencies of conventional audio equalizers and volume controls, which are unable to equalize the hearing sensitivity of individual users and often lead to signal saturation or distortion. (Ex. 3 at 1:28-64). The inventors of the '496 Patent recognized the need for a more personalized approach to audio adjustment, proposing a system that facilitates user adjustment of an audio effect to match the unique hearing sensitivity of a user. (*Id.* at 2:19-31).  The invention enables an embedded sensor architecture when an audio processing component can maximize voice quality while minimizing noise effects by evaluating environmental audio. (*Id.* at 2:63-3:3). As one non-limiting example, the '496 Patent describes how an audio device can determine a hearing threshold and dynamic range for a user, compare these to theoretical norms, and then "adjust the audio effect in accordance with the minimum perceptible level" based on environmental noise. (*Id.* at Abstract). This adaptive method of personalizing and automatically adjusting the signal provides a significant improvement over prior art systems that relied on static volume and equalization techniques.

**U.S. Patent No. 10,347,232**

20.     On July 9, 2019, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,347,232 ("the '232 Patent"), entitled "Multi-sensor signal optimization for speech communication."  The '232 Patent is attached as Exhibit 4.

21.     Plaintiff is the owner of all rights, title, and interest in and to the '232 Patent, with the full and exclusive right to bring suit to enforce the '232 Patent, including the right to recover for past infringement.

22.     The '232 Patent is valid and enforceable under United States Patent Laws.

23.     The '232 Patent addresses the deficiencies of conventional speech processing systems, which are often rendered unusable by environmental noise, such as wind noise. (Ex. 4 at 1:48-53). The inventors of the '232 Patent recognized the need for a more dynamic approach to signal optimization, proposing a system that intelligently selects from or combines multiple audio streams to enhance speech clarity (*Id.* at 2:11-17). The invention enables a multi-sensor architecture where an audio processing component can generate a superior output by evaluating several sources. (*Id.* at 2:26-38). As one non-limiting example, the '232 Patent describes how an audio processing component can generate filtered sound information using a spatial filter, determine distinct noise levels for the original sound information from each sensor as well as for the filtered sound information, and then "generate output sound information based on a selection of one for the noise levels, or a weighted combination of the noise levels." (*Id.* at 2:26-38). This adaptive method of comparing and selecting the optimal signal provides a significant improvement over prior art systems that relied on static filtering techniques.

## COUNT I: INFRINGEMENT OF THE 9,172,345 PATENT BY STARKEY

24.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

25.     On information and belief, Starkey has infringed and is infringing the '345 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Starkey Edge AI 24, among other substantially similar products (collectively, "the '345 Accused Products").

26.     As just one non-limiting example, set forth in Exhibit 5 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '345 Patent in connection with the '345 Accused Products (*e.g.,* the Starkey Edge AI 24). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '345 Accused Products that it obtains during discovery.

27.     On information and belief, Starkey has induced infringement of the '345 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributors, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the '345 Accused Products by, among other things, providing the '345 Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 5). Starkey has known that the use of the '345 Accused Products infringed claim 1 of the '345 Patent as of the filing and service of the Complaint.

28.     On information and belief, Starkey has infringed the '345 Patent pursuant to 35 U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the Accused Products and all other substantially similar products contained therein which are made by a patented process claimed by the '345 Patent.

29.     On information and belief, Starkey has committed the foregoing infringing activities without a license.

30.     Plaintiff has been damaged as a result of Defendant's infringement of claim 1 of the '345 Patent. Defendant is thus liable to Plaintiff for damages in an amount that adequately

compensates Plaintiff for such Defendant's infringement of the '345 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the '345 Patent, Plaintiff will be greatly and irreparably harmed.

32.     Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the '345 Patent.  Plaintiff has complied with the marking statute 35 U.S.C. §287.

### COUNT II: INFRINGEMENT OF THE 9,711,127 PATENT BY STARKEY

33.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34.     On information and belief, Starkey has infringed and is infringing the '127 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Starkey Edge AI 24, among other substantially similar products (collectively, "the '127 Accused Products").

35.     As just one non-limiting example, set forth in Exhibit 6 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '127 Patent in connection with the '127 Accused Products (*e.g.,* the Starkey Edge AI 24). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '127 Accused Products that it obtains during discovery.

36.     On information and belief, Starkey has induced infringement of the '127 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributors, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the '127 Accused Products by, among other things, providing the '127 Accused

Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 6). Starkey has known that the use of the '127 Accused Products infringed claim 1 of the '127 Patent as of the filing and service of the Complaint.

37.    On information and belief, Starkey has infringed the '127 Patent pursuant to 35 U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the '127 Accused Products and all other substantially similar products contained therein which are made by a patented process claimed by the '127 Patent.

38.    On information and belief, Starkey has committed the foregoing infringing activities without a license.

39.    Plaintiff has been damaged as a result of Defendant's infringement of claim 1 of the '127 Patent. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '127 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

40.    Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the '127 Patent, Plaintiff will be greatly and irreparably harmed.

41.    Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the '127 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287.

### COUNT III: INFRINGEMENT OF THE 9,871,496 PATENT BY STARKEY

42.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

43. On information and belief, Starkey has infringed and is infringing the '496 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Starkey Edge AI 24, among other substantially similar products (collectively, "the '496 Accused Products").

44. As just one non-limiting example, set forth in Exhibit 7 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '496 Patent in connection with the '496 Accused Products (*e.g.,* the Starkey Edge AI 24). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '496 Accused Products that it obtains during discovery.

45. On information and belief, Starkey has induced infringement of the '496 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributors, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the '496 Accused Products by, among other things, providing the '496 Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 7). Starkey has known that the use of the '496 Accused Products infringed claim 1 of the '496 Patent as of the filing and service of the Complaint.

46. On information and belief, Starkey has infringed the '496 Patent pursuant to 35 U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the '496 Accused Products and all other substantially similar products contained therein which are made by a patented process claimed by the '496 Patent.

47. On information and belief, Starkey has committed the foregoing infringing activities without a license.

48. Plaintiff has been damaged as a result of Defendant's infringement of claim 1 of the '496 Patent. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '496 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the '496 Patent, Plaintiff will be greatly and irreparably harmed.

50. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the '496 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287

**COUNT IV: INFRINGEMENT OF THE 10,347,232 PATENT BY STARKEY**

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. On information and belief, Starkey has infringed and is infringing the '232 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Starkey Edge AI 24, among other substantially similar products (collectively, the "the '232 Accused Products").

53. As just one non-limiting example, set forth in Exhibit 8 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '232 Patent in connection with the '232 Accused Products (*e.g.,* the Starkey Edge AI 24). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '232 Accused Products that it obtains during discovery.

11

54. On information and belief, Starkey has induced infringement of the '232 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributors, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the '232 Accused Products by, among other things, providing the accused products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 8). Starkey has known that the use of the '232 Accused Products infringed claim 1 of the '232 Patent as of the filing and service of the Complaint.

55. On information and belief, Starkey has committed the foregoing infringing activities without a license.

56. Plaintiff has been damaged as a result of Defendant's infringement of claim 1 of the '232 Patent. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '232 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the '232 Patent, Plaintiff will be greatly and irreparably harmed.

58. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the '232 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Faunus prays for judgment in its favor against Starkey for the following relief:

A.      Entry of judgment in favor of Faunus against Starkey on all counts;

B.      Entry of judgment that Starkey has infringed, directly and indirectly, and either literally and/or under the doctrine of equivalents, the asserted claims of each of the Patents-in-Suit;

C.      Entry of judgment that Starkey's infringement of the Patents-in-Suit has been willful;

D.      An order preliminarily and permanently enjoining Starkey from infringing the Patents-in-Suit;

E.      Award of compensatory damages adequate to compensate Faunus for Starkey's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F.      Award of reasonable attorneys' fees and expenses against Starkey pursuant to 35 U.S.C. § 285;

G.      Faunus' costs;

H.      Pre-judgment and post-judgment interest on Faunus' award; and

I.      All such other and further relief as the Court deems just or equitable.

Dated: May 12, 2026                                  Respectfully submitted,


                                                     */s/ Josh Jacobson*
                                                     Josh Jacobson (#242585)
                                                     The Law Office of Josh Jacobson, P.A.
                                                     120 South 6th St #1515
                                                     Minneapolis, MN 55402
                                                     (612) 339-5111
                                                     joshjacobsonlaw@gmail.com

                                                     David R. Bennett (Illinois Bar No. 6244214)
                                                     (Motion for *Pro Hac Vice* to be filed)
                                                     Direction IP Law
                                                     P.O. Box 14184
                                                     Chicago, IL 60614-0184
                                                     (312) 291-1667
                                                     dbennett@directionip.com

                                                     Neal G. Massand (Texas Bar No. 24039038)
                                                     (Motion for *Pro Hac Vice* to be filed)
                                                     nmassand@nilawfirm.com
                                                     NI, WANG & MASSAND, PLLC
                                                     8140 Walnut Hill Ln., Ste. 615
                                                     Dallas, TX 75231
                                                     Tel: (972) 331-4600
                                                     Fax: (972) 314-0900

                                                     *Attorneys for Plaintiff*
                                                     *Faunus IP Holdings LLC*

14